UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUNE WOO PARK and JINHEE CHOO, | ) |
| | ) |
| Plaintiffs, | ) |
| | )   07-2233 |
| v. | ) |
| | ) |
| KOREAN BROADCASTING SYSTEM | ) |
| and KBS AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

ORDER

The plaintiffs, June Woo Park ("Park") and Jinhee Choo,  are citizens of South Korea who, at all relevant times, resided in Champaign, Illinois.  They allege that defendants Korean Broadcasting System (KBS) and KBS America, Inc. ("KBSAmerica"), both South Korean corporations, are in the business of preparing and broadcasting television programming, which is also available to subscribers through the internet.  The defendants offer a program called The Knowledge Sponge, which is available to their subscribers.

On February 12, 2006, Park watched an internet broadcast of The Knowledge Sponge.  The show demonstrated the preparation of a homemade insecticide for use on dust mites.  Park prepared the mixture as shown on The Knowledge Sponge.  The mixture caught fire, and Park sustained significant burns and other injuries from the fire.

The plaintiffs allege that, at some point prior to broadcasting, one or more safety instructions were edited from the program.  They claim that the defendants negligently broadcast inadequate instructions and failed to warn viewers of the risks of following the instructions shown on the program.

KBSAmerica has filed an answer and asserted numerous affirmative defenses.  KBS has filed several motions to dismiss, arguing that the court lacks subject matter jurisdiction over this case [25] and personal jurisdiction over KBS [27], and that venue is improper [30].

For the following reasons, the court agrees that it lacks subject matter jurisdiction over this case, at least in regard to defendant KBS.

ANALYSIS

The purpose of a Rule 12(b)(1) motion is to seek dismissal of claims for which the court lacks subject matter jurisdiction.  On a Rule 12(b)(1) motion, the nonmovant bears the burden to show that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  When a defendant files a Rule 12(b)(1) motion, the plaintiff must

1

support its jurisdictional allegations with competent proof of jurisdictional facts – "affidavits and other relevant evidence to resolve the factual dispute[.]" *Kontos*, 826 F.2d at 576.

I.

The complaint alleges that the court has subject matter jurisdiction pursuant to the Alien Tort Claim Act, 28 U.S.C. § 1350: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations [*i.e.*, customary international law][1] or a treaty of the United States."

KBS argues that subject matter jurisdiction does not exist under 28 U.S.C. § 1350; the plaintiffs do not assert any claims that are related to a treaty between the United States and South Korea, nor any issues pertaining to international law. Other than a conclusory statement that jurisdiction is based on that statute, the plaintiff does not attempt to explain how the jurisdictional basis alleged in the complaint is proper. The court agrees with KBS that the Alien Tort Claim Act does not confer jurisdiction over this case.

II.

KBS also argues that the court lacks subject matter jurisdiction because, as a sovereign entity, it is immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*. Under the FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States," subject to certain exceptions. 28 U.S.C. § 1604. A "foreign state" includes its agencies or instrumentalities. 28 U.S.C. § 1603(a). KBS states that it is an agency or instrumentality of the Republic of Korea because it is a government-owned broadcasting system. The plaintiffs contend that their case falls within several exceptions to the FSIA under which immunity is waived.

A. The "commercial activity" exception

> A foreign state shall not be immune from the jurisdiction of courts of the United States . . . in any case . . . (2) in which the action is *based upon* a commercial activity carried on in the United States by a foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2) (emphasis added).

The Seventh Circuit has stated that "the term 'based upon' requires an 'identifiable

---

[1] *See Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 237 n.2 (2d Cir. 2003). Piracy, slave trading, war crimes, genocide, official torture, and summary execution, for example, violate customary international law. *Flores*, 414 F.3d at 244 (*citing Kadic v. Karadzic*, 70 F.3d 232, 239-43 (2d Cir. 1995)).

nexus' between the claim and the commercial activity at issue." *Santos v. Compagnie Nationale Air France*, 934 F.2d 890, 892 (7th Cir. 1991). "An action is based upon the elements that prove the claim, no more and no less. If one of those elements consists of commercial activity within the United States[,] . . . this country's courts have jurisdiction." *Santos*, 934 F.2d at 893. In Illinois, the elements of a negligence action are (1) a duty owed to the plaintiff; (2) a breach of that duty; and (3) the breach's proximate causation of (4) the plaintiff's injury. *Jones v. DHR Cambridge Homes, Inc.*, 885 N.E.2d 330, 340 (Ill. App. Ct. 2008).

Thus, the court focuses on the nexus between the commercial activity and the elements of the plaintiffs' negligence claim. The plaintiffs allege that website users must register to receive the defendant's internet services, and that personal information submitted during the registration process is used by KBS "for marketing, surveys and [the defendant's] own commercial benefit." For the purpose of this motion, the court accepts the plaintiffs' definition of the relevant commercial activity.

Under any provision of § 1605(a)(2), the plaintiffs' claim must meet the "based upon" requirement. That is, the plaintiffs must present competent jurisdictional facts to show the nexus between the commercial activity – i.e, marketing and survey activity – and the injury. The court fails to see a nexus between the marketing or survey activity and any element of a negligence claim.[2] The plaintiffs state in conclusory fashion that the faulty instructions broadcast by KBS "for the commercial benefit of" KBS resulted in injuries in the United States, but they have not shown that KBS derived any commercial benefit from its broadcast of The Knowledge Sponge. Their conclusory statement does not establish a nexus between the marketing and survey activity and the injury.

### B. The "noncommercial tort" exception

The plaintiffs also claim that their cause of action falls within the noncommercial tort exception to the FSIA. Under this section of the statute, foreign sovereign immunity is waived when "money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state[.]" 28 U.S.C. § 1605(a)(5).

Although the noncommercial tort exception does not specify where the tortious conduct must occur, courts agree that the tortious conduct must occur in the United States. *See Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 379 (7th Cir. 1985) (noting explicit

---

[2] The nexus between the commercial activity and an element of the claim must be clear. For example, a nexus exists where the sale in the United States of a ticket for travel on a foreign sovereign's airline creates a duty of care in providing safe passage. *Santos*, 934 F.2d at 893-94. In contrast, a lease agreement with a foreign national airline does not provide an "identifiable nexus" to a personal injury claim, even when the plaintiff would not have been at the location where he sustained the injury, but for the lease. *Santos*, 934 F.2d at 892.

legislative history indicating that both tortious conduct and injury must occur in the United States)[3]; *see also* James Wm. Moore, Moore's Federal Practice, § 104.12[5] ("[W]hile the statute makes no reference as to where the tortious conduct must have occurred, judicial decisions have established that the tortious acts or omissions must also have taken place wholly within the United States.").

The plaintiffs do not allege or provide evidence to show that the tortious conduct occurred in the United States. Therefore, this exception does not apply.

Because the court has determined that it lacks subject matter jurisdiction over the plaintiffs' claims as to defendant KBS, it need not reach that defendant's arguments to dismiss for lack of personal jurisdiction or improper venue.

The parties have not clarified the relation between KBS and defendant KBSAmerica. Both defendants are alleged to be South Korean corporations engaged in the business of filming, editing, recording, broadcasting and publication of internet and television programming. KBSAmerica answered the complaint, denied this allegation, and asserted numerous affirmative defenses, including lack of subject matter jurisdiction. Until and unless the court is presented with adequate briefing on this issue, the case will proceed against KBSAmerica.

## CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction [25] is granted. Defendant Korean Broadcasting System is dismissed from this action. The motion to dismiss for lack of personal jurisdiction [27] and motion to dismiss for improper venue [30] are denied as moot. A second motion to dismiss for lack of personal jurisdiction [28] should not have been docketed as a motion. It is stricken as duplicative.

A Rule 16 conference with defendant KBSAmerica will be scheduled by separate written order.

Entered this 24th day of October, 2008.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[3] "Section 1605(a)(5) is directed primarily at the problem of traffic accidents . . . caused by the tortious act or omission of a foreign state or its officials or employees; . . . the tortious act or omission must occur within the jurisdiction of the United States." *Frolova*, 761 F.2d at 379 (*quoting* H.R.Rep. No. 1487 at 20-21, 1976 U.S.Code Cong. & Ad.News at 6619; S.Rep. No. 1310 at 20).